```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


LINCOLN LATHAM,                    )
                                   )
          Plaintiff,               )
                                   )     Civil Action
     v.                            )     No. 24-11381-PBS
                                   )
OFFICER MUNISE,                    )
                                   )
          Defendant.               )
```

**MEMORANDUM AND ORDER**

July 12, 2024

SARIS, D.J.

Pro se Plaintiff Lincoln Latham, an inmate in custody at the Old Colony Correctional Center, initiated this action by filing a self-prepared complaint Dkt. No. 1.  With the complaint, Latham filed a motion for leave to proceed in forma pauperis without prepaying fee and a motion for temporary restraining order.  Dkt. Nos. 2, 3. For the reasons set forth below, the Court denies the motions and dismisses this action.

I.   **Preliminary Screening**

Because Latham is a prisoner plaintiff, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such

relief. See 28 U.S.C. § 1915A(a) (screening). In conducting this review, the Court liberally construes the pleadings because Latham is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, Latham seeks to have this Court enter an Order that enjoins the defendant correctional officer from "wrongly Pronouncing that inmate legal mail delivery is cancelled on second shift at 3 pm to 1 pm." Dkt. No. 1, ¶ 1. Specifically, Latham contends that "on 5/16/2024 at 3:30 pm [the defendant correctional officer told Latham] that legal mail will only be delivered on the first shift from time of 7am to 2pm daily." Id. Latham states that he "explained to [the defendant correctional officer] that the restriction on legal mail was improper." Id. Latham asserts that the failure to deliver legal mail during the second shift "obstructs the ability of Lincoln Latham to exercise freedom of speech in court." Id.

Latham's contention that his rights were violated suggests that he seeks to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983.[1] Speaking broadly, § 1983 provides a remedy for the violation of federal right by a person acting

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)).

2

under the color of state law, but its application is not without limitations. "The constitutionally-protected right of access to the courts is narrow in scope." Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000). Imposed restrictions are not actionable "unless [the] restrictions on access impair [the prisoner's] ability to assert legal challenges," Dodson v. Reno, 125 F.3d 841, 1997 WL 563384 at *3 (1st Cir. 1997), which means that a prisoner must show "that a nonfrivolous legal claim has been frustrated or impeded." Hullum v. Maloney, 201 F.3d 427, 1999 WL 1338078 at *2 (1st Cir. 1999).

Here, although Latham has recounted one instance in which he believes the defendant correctional officer interfered with his mail, he has not identified any nonfrivolous legal claims that were blocked or impeded. In other words, "[n]othing in the [complaint] indicates that [Latham's] access to the courts has not been adequate or meaningful." Dupont v. Dubois, 99 F.3d 1128 (1st Cir. 1996). The complaint, therefore, fails to state a claim upon which relief may be granted.

**II.  Latham's Motion to Proceed In Forma Pauperis**

Here, Latham has not paid the $405 filing fee for this action. Latham is not entitled to proceed in forma pauperis because he is subject to the "three-strikes" provision at 28

3

U.S.C. § 1915(g).[2]  See e.g. Latham v. Mici, No. 1:23-cv-11897-RGS (D. Mass. Oc. 2, 2023) (finding that Latham has had "three strikes" and is unable to proceed in forma pauperis unless under imminent danger of serious physical injury).

Here, Latham can only proceed in this action without prepayment of the filing fee if he shows that the alleged misconduct as set forth in his complaint places him "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Here, nothing in the complaint or pleadings suggest that he is in imminent danger of serious physical injury

Ordinarily, the Court would afford a pro se plaintiff an opportunity to pay the filing fee. However, the complaint fails to state a claim and amendment would be futile.  See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted.").

---

[2] Pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

4

Accordingly, it is hereby Ordered that

1.   The pending motions (Dkt. Nos. 2, 3) are DENIED.

2.   This action is DISMISSED pursuant to 28 U.S.C. §1915A(a).

3.   The Clerk shall enter a separate order of dismissal.

SO ORDERED.

                                         /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE